IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

THOMAS J. KUNA-JACOB,

      Plaintiff,

v.                               Case No. 3:21-CV-452-NJR

STATE OF ILLINOIS and
SECRETARY OF STATE JESSE WHITE,

      Defendants.

## <u>MEMORANDUM AND ORDER</u>

**ROSENSTENGEL, Chief Judge:**

      Pending before the Court is a Motion to Proceed *in Forma Pauperis* filed by Plaintiff Thomas J. Kuna-Jacob. (Doc. 4). Kuna-Jacob seeks to proceed *pro se* and without prepayment of the filing fees in this case, in which he alleges the State of Illinois has routinely denied his Constitutional right to a jury trial. (Doc. 3). Kuna-Jacob also alleges the State of Illinois has violated the Constitution by raising the vehicle registration fee by 49 percent. (*Id.*).

      Under 28 U.S.C. § 1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees if the movant "submits an affidavit that includes a statement of all assets he possesses [showing] that he is unable to pay such fees or give security therefor." Section 1915(e)(2) then requires careful threshold scrutiny of the complaint filed by a plaintiff seeking to proceed *in forma pauperis* (IFP). The Court must dismiss the complaint if the allegation of poverty is untrue or if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief

against a defendant who is immune from such relief. *Id.*; *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense.").

The standards applicable to reviewing claims under § 1915(e)(2)(B)(ii) are the same as those for reviewing claims under Federal Rule of Civil Procedure 12(b)(6). *Dewalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). Specifically, the Complaint must contain allegations that go beyond a merely speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In this case, Kuna-Jacob's unsigned affidavit indicates he owns no assets, and he receives only a modest monthly disability pension. (Doc. 4). Thus, the Court is satisfied that Kuna-Jacob is indigent. Nevertheless, his complaint must be dismissed for failure to state a claim upon which relief may be granted.

Kuna-Jacob first alleges that Illinois state court judges have dismissed his claims without a jury trial in two cases, in violation of his constitutional right to a jury trial. In the first case, he complained that an advertisement for the movie Deadpool I and Deadpool II featured the groin and crotch of a red-suited man holding a Luger over his obviously suppressed erection with his finger on the trigger. (Doc. 3). The state court judge dismissed the case on First Amendment grounds and, apparently, for improper venue. In his second case, Kuna-Jacob claimed that AAA of Missouri colluded with another driver to claim $1,500 in damages for a dent in the driver's car that was the size of his pinky fingernail. He contends the dent should have been repaired for less than the

driver's $250 deductible. (*Id.*). Kuna-Jacob does not state why the case was dismissed but alleges he tried to take the case to the Supreme Court on the issue of a lack of a jury trial. (*Id.*). However, the case was never filed in the Supreme Court by the Clerk of Court because of "various obscure rules of Court." (*Id.*).

Kuna-Jacob's allegation that he was deprived of his right to a jury trial is insufficient to state a cause of action. The proper dismissal of a lawsuit because it is legally insufficient or barred does not violate the Seventh Amendment right to a jury trial. *Muhammad v. Moore*, 611 F. App'x 352, 355 (7th Cir. 2015) (citing *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 811 n. 15 (7th Cir. 2009)). And Kuna-Jacob does not challenge the validity of the judges' legal grounds for dismissing the suits.

Kuna-Jacob also claims the State of Illinois has violated Article I, Section 8(e) of the U.S. Constitution, which gives the power to Congress regulate the value of money, by increasing the fee to renew a vehicle's registration by 49 percent in 2021. But Congress's power to regulate the value of money relates to its ability "to establish a monetary system and thus to determine the currency of the country," not to regulate a state's vehicle registration fees. *Perry v. United States*, 294 U.S. 330, 350 (1935); *see also United States v. Marigold*, 50 U.S. 560, 567, 13 L. Ed. 257 (1850) (noting that the power of regulating the value of money was delegated to Congress by the Constitution to create a uniform system and standard of value). Kuna-Jacob's complaint fails to state any claim on these facts.

The undersigned is cognizant that courts must construe *pro se* claims generously. *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). A *pro se* complaint is not required to explicitly refer to the proper statute or legal theory in order to state a cause of action

as long as relief is possible under that statute or theory consistent with the facts pled. *Kennedy v. National Juvenile Detention Ass'n*, 187 F.3d 690, 695 (7th Cir. 1999), *cert. denied*, 120 S. Ct. 1169 (2000); *Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1134 (7th Cir. 1992). But "[c]onventional legal doctrine deems a suit frivolous if it is apparent from a reading of the complaint that . . . the case is going nowhere—that there's no possibility of the court[] having authority to provide relief to the plaintiff." *Carter v. Homeward Residential, Inc.*, 794 F.3d 806, 807 (7th Cir. 2015). "Such a suit does not invoke the jurisdiction of a federal court." *Id.*

Here, based on the facts as alleged, there is no possibility of the Court providing any relief to Kuna-Jacob. Because Kuna-Jacob's Complaint (Doc. 3) fails to state a claim, it must be **DISMISSED without prejudice**. His Motion for Leave to Proceed *in forma pauperis* (Doc. 4) is **DENIED**, and his Motion to Add Another Defendant to His Cause (Doc. 7) is **DENIED as moot**.

**IT IS SO ORDERED.**

DATED:   October 18, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**